Filed 2/10/22  Ranch at the Falls v. Indian Springs Homeowners Assn. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION EIGHT

| | |
|---|---|
| RANCH AT THE FALLS LLC et al., | B311278 |
| Plaintiffs, Cross-defendants and Appellants, | (Los Angeles County Super. Ct. No. PC055790) |
| v. | |
| INDIAN SPRINGS HOMEOWNERS ASSOCIATION, INC., | |
| Defendant, Cross-complainant and Respondent. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Melvin D. Sandvig, Judge.  Affirmed.

Cozen O'Connor and Frank Gooch III for Plaintiffs, Cross-defendants and Appellants.

O'Toole Rogers, Nicholas A. Rogers, Aaron A. Hayes; Beaumont Tashjian, Lisa A. Tashjian and Tara M. Radley for Defendant, Cross-complainant and Respondent.

_____

## SUMMARY

This is a dispute over the trial court's award of attorney fees to defendant Indian Springs Homeowners Association, Inc., as the prevailing party under Civil Code section 1717. The fee award followed this court's reversal of the trial court's earlier judgment in favor of plaintiffs Ranch at the Falls LLC and April Hart. (*Ranch at the Falls LLC v. O'Neal* (2019) 38 Cal.App.5th 155 [finding plaintiffs had no enforceable easement over certain private streets in Indian Springs].)

The reversed judgment included an award of attorney fees to plaintiffs, who had asserted and prevailed on their contention they were entitled to fees as third party beneficiaries of easement and maintenance agreements between defendant and another homeowners association. Now, plaintiffs contend the trial court erred in applying the doctrine of judicial estoppel to preclude plaintiffs from contesting defendant's entitlement to fees. Plaintiffs contend no attorney fees should be awarded because the judicial estoppel doctrine *also* applies to defendant, who opposed—unsuccessfully—the original award of attorney fees to plaintiffs.

We find no merit in plaintiffs' contention. We also reject plaintiffs' assertions that their financial condition required the trial court to award no fees, and that the fees were unreasonable and excessive. We therefore affirm the attorney fee order.

## FACTS

In 1998, defendant recorded a declaration of easement in favor of abutting landowners, including plaintiffs, and so did the homeowners association in neighboring Indian Falls (the 1998 easement declarations). The parties to this lawsuit disagreed over the scope of those easements.

2

Contemporaneously with the 1998 easement declarations, defendant and the Indian Falls homeowners association also made "Easement and Maintenance Agreement[s]" with each other. In these "maintenance agreements," each homeowners association gave the other, and abutting property owners, right of way easements over and across the same streets as the two easement declarations, to create a direct path through the respective projects for ingress and egress. These maintenance agreements contained a clause entitling the prevailing party to attorney fees, "[i]f any action at law or in equity is necessary to enforce or interpret the terms of this Agreement . . . ." Just before the trial on the merits of this lawsuit, plaintiffs filed an ex parte motion to amend their complaint to assert a claim for attorney fees based on the 1998 maintenance agreements. The trial court denied the ex parte motion, but apparently ruled plaintiffs could amend according to proof. At the close of plaintiffs' evidence, the parties revisited the subject, and after argument, the trial court granted the motion to amend the complaint.

After the trial court's decision in plaintiffs' favor, plaintiffs sought an award of attorney fees under Civil Code section 1717, arguing that as abutting landowners, they were third party beneficiaries of the maintenance agreements. Defendant opposed plaintiffs' motion, contending plaintiffs were not entitled to attorney fees under the maintenance agreements. The trial court agreed with plaintiffs, and awarded plaintiffs $199,459 in attorney fees.

As stated at the outset, this court reversed the trial court's judgment, including the award of attorney fees to plaintiffs. After our remittitur was issued, the trial court entered a new judgment on February 13, 2020.

Defendant then filed a motion for attorney fees, contending it was entitled to fees under Civil Code section 1717, and that plaintiffs were judicially estopped from arguing otherwise. The trial court granted defendant's motion, awarding attorney fees of $731,682.08, and costs of $111,540.01. The court found all elements of the doctrine of judicial estoppel applied. The court also found plaintiffs "have failed to adequately support their argument that the Court should exercise its discretion and deny the instant motion because granting same would cause Plaintiffs financial ruin."

Plaintiffs filed a timely appeal.

## DISCUSSION

Plaintiffs' first argument is that judicial estoppel applies to *both* defendant *and* plaintiffs, and so we should reverse the attorney fee award. Plaintiffs point out that, when they sought fees, defendant took the position plaintiffs were not third party beneficiaries entitled to attorney fees under the maintenance agreements. Therefore, plaintiffs conclude, judicial estoppel applies to prevent defendant from seeking recovery of its fees under those agreements. Plaintiffs apparently misunderstand the requirements of the doctrine.[1]

We recently explained the relevant principles. "Judicial estoppel bars a party from gaining an advantage by taking one position and then seeking a second advantage by taking an incompatible position. The goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair

---

[1] Plaintiffs have requested judicial notice of our 2019 opinion on the merits of this case, and of defendant's appellate brief arguing that plaintiffs were not third party beneficiaries entitled to attorney fees under the maintenance agreements. We grant the request, but those records do not change our conclusions.

4

strategies.  The doctrine is discretionary and has five prerequisites:  (1) The same party has taken two positions in (2) judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (that is, the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the party did not take the first position as a result of ignorance, fraud, or mistake." (*DotConnectAfrica Trust v. Internet Corp. for Assigned Names & Numbers* (2021) 68 Cal.App.5th 1141, 1158 (*DotConnectAfrica*).)

Here, the trial court had discretion to apply the doctrine against plaintiffs, because they met all five prerequisites: Plaintiffs have taken two totally inconsistent positions in judicial proceedings, were successful in asserting the first position, and did not take the first position as a result of ignorance, fraud or mistake.  Defendant also took two inconsistent positions, but defendant was *not* successful in asserting its first position:  the trial court adopted plaintiffs' position, not defendant's.  (See *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1246 ["The doctrine should be applied only when the person against whom it is asserted 'was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true).' "].)  Thus the trial court had discretion to apply judicial estoppel to the plaintiffs, but not to the defendant.  It is as simple as that.

Plaintiffs cite and quote extensively from several cases, but none of them presents circumstances like those in this case.  For example, plaintiffs say *R.W.L. Enterprises v. Oldcastle, Inc.* (2017) 17 Cal.App.5th 1019 (*R.W.L. Enterprises*) "support[s] reversal of the attorneys fee award."  It does not.  *R.W.L. Enterprises* observes that "a party's mere assertion of the right to recover fees does not estop it from challenging a fee award or vest

5

the other party with the right to recoup attorney fees if it prevails," and cites many cases to the effect that the mere pleading of a right to fees does not create an estoppel. (*Id.* at pp. 1035–1036.) We agree with that principle, but it does not apply here.

This is not a case of a " 'mere allegation in a complaint that the plaintiff is entitled to receive attorney fees,' " or a case where the losing party's " '*merely having claimed* fees will entitle his prevailing opponent to them when he loses.' " (*R.W.L. Enterprises, supra,* 17 Cal.App.5th at p. 1036, quoting cases.) This is a case where plaintiffs amended their complaint to allege, and then litigated and succeeded in obtaining an attorney fee award under the maintenance agreements. They are properly precluded from arguing that "Civil Code § 1717 does not allow for the award of attorneys' fees to [defendant]" under the very same agreements.

Plaintiffs cite *M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One* (2003) 111 Cal.App.4th 456, but the case does not help them. *Base Camp* agreed "with the many state court decisions refusing to apply estoppel against a losing party who sought attorney fees under circumstances where that party would not have been entitled to such fees had it prevailed." (*Id.* at p. 470.) Plaintiffs quote *Base Camp*'s statement that "[i]f a party claims a contractual right to attorney fees, but the contract does not contain such a provision, that party will not be able to recover attorney fees, even if it prevails in the litigation." (*Id.* at p. 466.) That is so, of course, but the trial court here decided, as plaintiffs contended, that the maintenance agreements *did* contain such a provision. (Cf. *Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 549 (*Union Bank*) ["[The plaintiffs']

6

prior successful motion for attorney fees in the same action estops them from claiming [defendant] has no right to the fees."].)

Of course, the trial court has discretion in determining whether to apply judicial estoppel to plaintiffs.  "If the elements for judicial estoppel are present, whether to apply the doctrine is within the trial court's discretion, which we review for an abuse of discretion." (*DotConnectAfrica, supra,* 68 Cal.App.5th at p. 1158.)  Here, however, we see no basis for finding any abuse of discretion by the trial court.

At oral argument, plaintiffs' counsel urged us to find that judicial estoppel is reserved for circumstances involving bad faith conduct.  Plaintiffs cite cases where the issue arises in the context of bankruptcy proceedings, where the debtor fails to list claims against a creditor as a potential asset.  (E.g., *Haley v. Dow Lewis Motors* (1999) 72 Cal.App.4th 497, 509–510 [quoting federal authority stating that " '[a]sserting inconsistent positions does not trigger application of judicial estoppel unless "intentional self-contradiction is . . . used as a means of obtaining unfair advantage," ' " and " '[a]n inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional wrongdoing' "].)  But this case has nothing to do with bankruptcy issues.  Further, we have expressly rejected a similar contention in *DotConnectAfrica*.  There, the plaintiff argued it did not take its first position in bad faith, and we stated that "[j]udicial estoppel . . . does not require bad faith." (*DotConnectAfrica, supra,* 68 Cal.App.5th at p. 1162.)  We adhere to that position.  As stated earlier, all five prerequisites for the application of judicial estoppel against plaintiffs were present here.  (*Id.* at p. 1158.)

Next, plaintiffs point to *Garcia v. Santana* (2009) 174 Cal.App.4th 464 (*Garcia*), where the court found "the

7

financial circumstances of the losing party and the impact of the award on that party" were relevant considerations in an award of attorney fees pursuant to a statute (*id.* at pp. 476–477), and "in the proper case, the trial court does have the discretion to determine that the award that is reasonable is zero." (*Id.* at p. 477; but see *Walker v. Ticor Title Co. of California* (2012) 204 Cal.App.4th 363, 372 [concluding it was "inappropriate to consider the losing party's financial status as an equitable factor in assessing contractual attorney fees"].) In any event, the operative word in *Garcia* is "discretion."

Plaintiffs say the trial court erred because an award of attorney fees "would result in [Ms. Hart's] financial ruination." The trial court rejected this claim and plaintiffs' reliance on *Garcia*, pointing out the plaintiff in *Garcia* was indigent and self-represented. (*Garcia, supra,* 174 Cal.App.4th at p. 468.) The court here found plaintiffs were represented by counsel and did not show the attorney fee award "would cause their financial ruin." The trial court stated: "The only evidence offered by Plaintiffs is the declaration of April Hart without any documentation to support her claim that the Ranch is her only asset; she is on Medi-Cal; she accepts rent from her sons; and/or she owes $40,000 in taxes. Additionally, Hart provides no evidence regarding the value of the Ranch, her income, her monthly expenses, efforts to seek gainful employment, etc." Plaintiffs argue Ms. Hart's statements in her declaration were uncontroverted, but the trial judge, who presided over the entire proceeding, was plainly not satisfied with her undocumented statements and the lack of evidence on the value of the Ranch and other items. (See *Villanueva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1204 [the plaintiff failed to submit a declaration "setting forth his gross income, his net income, his

8

monthly expenses, his assets, or any other information which he thought would lend support to his position"].)  We see no abuse of discretion in the court's conclusion plaintiffs did not establish the fee award would cause financial ruin.

Finally, plaintiffs contend the attorney fees sought were excessive.  They complain that one of the lawyers billed 25 hours in one day; that the Beaumont Tashjian firm cannot recover fees because they also represented other parties who had no right to attorney fees; it was unnecessary to have four lawyers present at trial; and fees were duplicative.  Plaintiffs do not mention that the trial court *agreed* with these complaints, finding the hours claimed were "excessive and/or duplicative"; certain of the fees claimed by the Beaumont Tashjian firm overlapped with work required for their other clients in the case; and defendant "failed to establish why it was necessary to have four attorneys represent it at the trial."  Consequently, the trial court reduced the hours claimed, "resulting in a reduction of the fees requested by one-quarter."

"We must affirm an award of attorney fees absent a showing that the trial court clearly abused its discretion."  (*Union Bank, supra,* 127 Cal.App.4th at p. 549.)  Plaintiffs have made no such showing.

## DISPOSITION

The order awarding attorney fees is affirmed.  Defendant shall recover its costs on appeal.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.          WILEY, J.

9